Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| Ada Mojica Rodríguez<br><br>**Apelante**<br><br>V.<br><br><br>ESSROC, San Juan Italcementi Group<br><br>**Apelado** | TA2025AP00047 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil. Núm. D CD2015-2467<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 10 de julio de 2025.

I.

El 24 de junio de 2025, la Sra. Ada Mojica Rodríguez y otros (señora Mojica o la parte apelante) comparecieron ante nos mediante un recurso de *Apelación* y nos solicitaron la revisión de una *Sentencia* que se emitió el 24 de marzo de 2025 y se notificó el 1 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por ESSROC San Juan Italcementi ahora Argos San Juna Corp. (Argos o parte apelada). En consecuencia, desestimó, con perjuicio, todas las reclamaciones en contra de este.

Por su parte, el 26 de junio de 2025, Argos presentó una *Moción de Desestimación.*[1] En primer lugar, señaló que el término jurisdiccional de treinta (30) días para presentar el recurso de epígrafe ante este Tribunal de Apelaciones venció el 20 de junio de

---

[1] Véase, Entrada 3, SUMAC TA.

2025, toda vez que la *Resolución* declarando No Ha Lugar la reconsideración se notificó el 20 de mayo de 2025. Sostuvo que la parte apelante presentó su recurso de *Apelación* de manera física ante este tribunal apelativo el 20 de junio de 2025. No obstante, indicó que la parte apelante presentó el recurso electrónicamente en la plataforma del Sistema Unificado Para el Manejo y Administración de Casos (SUMAC) de este tribunal apelativo el 24 de junio de 2025.

En vista de ello, argumentó que, conforme a la *Orden Administrativa OAJP-2025-131* del Tribunal Supremo de Puerto Rico, la única fecha válida para efectos jurisdiccionales era aquella que aparecía en el comprobante electrónico en el SUMAC. Así pues, razonó que, siendo obligatoria la presentación electrónica de los recursos desde el 16 de junio de 2025, procedía la desestimación de la *Apelación* por tardía. En la alternativa, esbozó que la parte apelante incurrió en un incumplimiento adicional al no notificar al TPI dentro del término de setenta y dos (72) horas.

Atendido el recurso, el 2 de julio de 2025, emitimos una *Resolución* concediéndole a la parte apelante un término de cinco (5) días para que expresara su posición respecto a la *Moción de Desestimación*. En cumplimiento con lo anterior, el 7 de julio de 2025, la parte apelante presentó su *Oposición a Moción de Desestimación*.[2] En síntesis, manifestó que se comunicó con la Secretaría de este Tribunal de Apelaciones con el propósito de que lo orientaran sobre el proceso de presentación de recursos de apelación, toda vez que el caso de epígrafe no fue presentado a través de la plataforma del SUMAC del TPI, ya que la *Demanda* fue interpuesta en el año 2015. Sostuvo que luego de ser orientado, el 20 de junio de 2025, intentó presentar el recurso de apelación mediante la plataforma del SUMAC de este tribunal apelativo. Sin

---

[2] Véase, Entrada 4, SUMAC TA.

embargo, alegó que dicha plataforma notificó un error que impidió la presentación del recurso. Ante esta situación, esbozó que, el 20 de junio de 2025, presentó el recurso de apelación de manera física en el buzón de la Secretaría del Tribunal, junto a los aranceles correspondientes.

Expresó que, posteriormente, el 23 de junio de 2025, recibió una llamada de la Secretaría de este Tribunal, indicándole que no se estaban aceptando recursos en papel, por lo que tenía que recoger el recurso que fue presentado de manera física. Adujo que en esa llamada explicó la situación con la plataforma del SUMAC y le recomendaron que se comunicara con *Educa*. Indicó que, al comunicarse con *Educa*, estos le brindaron instrucciones para apagar y prender la computadora, y le indicaron que intentara presentar el recurso nuevamente a través de la plataforma del SUMAC. Enfatizó que, intentó presentar el recurso en tres (3) ocasiones, pero la plataforma impedía la presentación del recurso.

Finalmente, expuso que, el 24 de junio de 2025, intentó presentar el recurso, sin éxito por lo que se comunicó con personal de soporte técnico del Tribunal de Apelaciones y, estos le solicitaron tomar una captura de pantalla con el propósito de detectar la razón por la cual la plataforma no permitía la presentación del recurso. Afirmó que, según solicitado, envió la captura de pantalla y dicho personal proveyó instrucciones para la presentación del recurso. Sostuvo que luego de seguir las instrucciones del personal de soporte técnico, logró presentar el recurso de apelación.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos*.

II.

**-A-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada

controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado. *Cordero et al v. ARPe. et al,* 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso

prematuro o tardío por carecer de jurisdicción.[3]  Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 109-110, 215 DPR __ (2025). Particularmente, la referida regla, en lo pertinente, dispone que:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).
>
> [...]
>
> (C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. Íd.

**-B-**

Por otro lado, la Regla 13(A) del Reglamento de Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 22, 215 DPR __ (2025), establece que las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del **término jurisdiccional de treinta días** contados desde el archivo en autos de la copia de la notificación de la sentencia, a menos que alguna ley especial aplicable disponga un término distinto. Ahora bien, la Regla 2.1 del Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 2-3, 215 DPR __ (2025) dispone lo siguiente en cuanto a la presentación de los recursos:

> [c]ónsono con los propósitos de este Reglamento se establece que, **a partir de la implementación del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), todos los recursos y demás escritos, así como las resoluciones y decisiones judiciales, deberán presentarse y tramitarse a través de esta plataforma electrónica o**

---

[3] Recientemente, el 16 de junio de 2025, entró en vigor el nuevo Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), a los fines de implementar el SUMAC en este tribunal apelativo y, con ello la tramitación de los recursos mediante dicha plataforma electrónica.

**cualquier otra que le sustituya, según autorizada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo.** (Énfasis suplido). La presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones. […]

[**s]e exceptúa de lo anterior**: (1) **aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio**, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes; (2) **todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente**; (3) **aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente**. (Énfasis suplido). Estos documentos u objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.

La presentación electrónica de documentos ante el Tribunal de Apelaciones cumplirá con lo dispuesto en las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas. Íd.

[…]

A su vez, el comentario de esta Regla aclara que, **[c]omo norma general, la presentación electrónica de documentos en el SUMAC constituirá la presentación de documentos en el Tribunal y en la Secretaría. El SUMAC equivaldrá a la Secretaría del Tribunal de Apelaciones**. (Énfasis suplido). No obstante, se reconocen algunas excepciones para permitir la presentación no electrónica. Íd.

En apoyo a lo anterior, el 16 de junio de 2025, nuestro Tribunal Supremo aprobó las *Directrices Administrativas Para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Según Enmendada)* (Directrices Administrativas) para, entre otras cosas, conducir la presentación, la notificación y la tramitación electrónica de los escritos que formen parte de los procesos judiciales, a nivel de primera instancia y a nivel

de los foros apelativos. Específicamente, la directriz XIX indica lo siguiente en cuanto a la presentación de documentos en casos de problemas técnicos del tribunal electrónico:

> Los problemas asociados al equipo y sistemas del usuario no eximirán del cumplimiento con los términos jurisdiccionales, de estricto cumplimiento o de cualquier índole establecidos en las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal, las Reglas para la Administración del Tribunal de Primera Instancia, el Reglamento del Tribunal de Apelaciones de Puerto Rico, el Reglamento del Tribunal Supremo de Puerto Rico, en cualquier legislación aplicable, o por orden judicial.

> Cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico, ya sea porque la plataforma se encuentre averiada o en mantenimiento, presentará el escrito personalmente en la Secretaría del Tribunal con competencia sobre el caso o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente. Ello deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m.

Asimismo, la Directrices Administrativas incluyen el formulario D intitulado *Declaración Sobre Presentación Física o Por Correo Electrónico de Moción Por Problemas Técnicos del SUMAC.*[4] Mediante dicho formulario la parte declara al Tribunal, bajo pena de perjurio, que el documento no pudo presentarse por problemas en la plataforma del SUMAC. Particularmente, el formulario D posee unos encasillados para que la parte explique el tipo de documento a presentarse, el término para la presentación de este, la razón por la cual no pudo presentar el documento por la plataforma del SUMAC y los intentos realizados de buena fe para la presentación de este.

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en

---

[4] Formulario OAT 1728 Rev. abril de 2025.

una fecha posterior al término jurisdiccional de treinta (30) días que dispone la ley para recurrir ante nuestra consideración.

Tal y como discutimos en la exposición del derecho, una persona adversamente afectada por una sentencia que dicte el TPI tiene **un término jurisdiccional** de treinta (30) días a partir de la notificación de dicho dictamen para acudir ante este foro mediante un recurso de apelación. *In re Aprob. Enmdas. Reglamento TA*, supra. Cabe resaltar que, al ser un término jurisdiccional, no admite prórroga, aunque la parte presente justa causa para ello. *Rosario Domínguez et als. v. ELA et al.*, supra.

En el caso de autos, la *Sentencia* recurrida se dictó el 24 de marzo de 2025 y se notificó el 1 de abril de 2025. En desacuerdo con esta determinación, la parte apelante presentó una *Moción de Reconsideración* el 16 de abril de 2025. Evaluada la solicitud de reconsideración, el 9 de mayo de 2025, el TPI emitió una *Resolución* que se notificó el **20 de mayo de 2025**, declarando No Ha Lugar la *Moción de Reconsideración*. En vista de lo anterior, la parte apelante tenía hasta el **20 de junio de 2025**, para presentar su recurso de apelación. Sin embargo, la parte apelante presentó el recurso de epígrafe el **24 de junio de 2025**, es decir, cuatro (4) días posteriores al término provisto por ley.

En su *Oposición a Moción de Desestimación*, la parte peticionaria adujo que, el 20 de junio de 2025, último día para impugnar la determinación del TPI ante este Tribunal, intentó presentar el recurso a través de la plataforma del SUMAC. No obstante, alegó que dicha plataforma notificó un error que le impedía la presentación del recurso. Ante esta situación, optó por presentar el recurso de manera física en el buzón de la Secretaría de este Tribunal. Así las cosas, sostuvo que, el 23 de junio de 2025, posterior al término jurisdiccional de treinta (30) días para impugnar la determinación del TPI, recibió una llamada de la

Secretaría de este Tribunal, indicándole que no se estaban aceptando recursos en papel, por lo que el recurso fue devuelto. Allí, le recomendaron que se comunicara con *Educa*. Al comunicarse con estos, le brindaron instrucciones, pero no logró presentar el recurso por la plataforma.

Indicó que, al día siguiente, intentó presentar el recurso sin éxito, por lo que se comunicó con personal de soporte técnico del Tribunal de Apelaciones y, estos le solicitaron tomar una captura de pantalla con el propósito de detectar la razón por la cual la plataforma no permitía la presentación del recurso, dicho personal proveyó instrucciones para la presentación del recurso. Luego de seguir las instrucciones del personal técnico, logró presentar el recurso de apelación el 24 de junio de 2025. Entiéndase, cuatro (4) días posteriores al término jurisdiccional de treinta (30) días que dispone el Reglamento de este Tribunal.

La Regla 2.1 del Reglamento del Tribunal de Apelaciones, *supra*, establece que, desde la implementación SUMAC, todos los recursos y demás escritos deberán ser presentados y tramitados mediante dicha plataforma electrónica, o a través de cualquier otra que la sustituya. Dicha disposición reconoce que la presentación electrónica mediante el SUMAC equivale, para todos los efectos legales, a la presentación física en la Secretaría del Tribunal de Apelaciones. No obstante, la Regla exceptúa de este requisito a tres categorías específicas: (1) las personas que se litigan por derecho propio, (2) los documentos u objetos que, por su propia naturaleza, por disposición de ley o por orden judicial, no puedan presentarse electrónicamente, y (3) los documentos cuya presentación electrónica resulte imposible debido a problemas técnicos asociados a la plataforma.

En el presente caso, no aplican las excepciones dispuestas en la Regla 2.1 del nuestro reglamento, *supra*. En primer lugar, la parte apelante no compareció por derecho propio, sino mediante representación legal. En segundo lugar, no se ha demostrado que el recurso de apelación constituya un documento cuya naturaleza o disposición legal impida su presentación electrónica. En tercer lugar, no surge del expediente evidencia convincente de que, en el día de vencimiento del término para presentar el recurso, a saber, el 20 de junio de 2025, la parte apelante enfrentara una imposibilidad real de utilizar la plataforma electrónica por razones técnicas.

La única alegación de problemas técnicos presentada por la parte apelante consiste en una captura de pantalla acompañando la *Oposición a la Moción de Desestimación*, en la cual presuntamente se documenta un error ocurrido el 24 de junio de 2025. Sin embargo, esta imagen es ilegible y no permite verificar la fecha ni la hora en que ocurrió el alegado fallo. Además, la parte apelante no presentó evidencia alguna de haber intentado presentar el recurso electrónicamente el 21 y 22 de junio de 2025. Más aún no presentó ninguna captura de pantalla ni otro tipo de evidencia que demostrara que, el 20 de junio de 2025, fecha en la que vencía el término para presentar el recurso, enfrentó algún error técnico al intentar radicar electrónicamente. Ante la falta de prueba clara y convincente que acredite la existencia de un impedimento técnico real, no procede eximir a la parte apelante del cumplimiento del requisito de presentación electrónica conforme lo exige la Regla 2.1 del Reglamento de Tribunal de Apelaciones.

Por otro lado, no podemos olvidar que, las Directrices Administrativas incluyen el formulario D intitulado *Declaración Sobre Presentación Física o Por Correo Electrónico de Moción por Problemas Técnicos del SUMAC*. Mediante dicho formulario la parte declara al Tribunal, bajo pena de perjurio, que el documento no

pudo presentarse por problemas en la plataforma del SUMAC. Particularmente, el formulario D posee unos encasillados para que la parte explique el tipo de documento a presentarse, el término para la presentación de este, la razón por la cual no pudo presentar el documento por la plataforma del SUMAC y los intentos realizados de buena fe para la presentación de este. Resaltamos que, dicho documento no fue incluido como parte la presentación del recurso el 20 de junio de 2025.

En consideración de lo anterior, no cabe duda de que la parte apelante se excedió en el término jurisdiccional de treinta (30) días que tenía para presentar su recurso de apelación ante este foro. Cabe señalar que, aun cuando para propósitos de cumplir con nuestro objetivo de dar mayor acceso a la ciudadanía a los procesos judiciales, la presentación del recurso de apelación incumplió crasamente con las disposiciones reglamentarias relativas a la jurisdicción de este Tribunal. Así pues, nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones